FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 16 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
                                       )
        Plaintiff, )    CRIMINAL NO. 18-1628 JM
                                       )
vs. )
                                       )
**JUAN ALBERTO BARBA-ESPARZA aka** )
**JUAN BARBA-REYES,** )
                                       )
        Defendant. )

## FAST TRACK PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **JUAN ALBERTO BARBA-ESPARZA aka JUAN BARBA-REYES**, and the defendant's counsel, STEPHEN MCCUE.

## REPRESENTATION BY COUNSEL

1.     The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with counsel and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The defendant further understands defendant's rights:

    a.    to be charged and prosecuted by indictment;

    b.    to plead not guilty;

    c.    to have a trial by jury;

d.  to confront and cross-examine witnesses and to call witnesses in the defense of this charge; and

  e.  against compelled self-incrimination

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to an Information charging a violation of 8 U.S.C. §§ 1326(a) and (b), that being Re-entry of a Removed Alien.

## ELEMENTS OF THE OFFENSE

4. The elements of 8 U.S.C. §§ 1326 (a) and (b), Re-entry of a Removed Alien, are:

  a.  The defendant was an alien at the time of the offense;

  b.  The defendant previously had been excluded, deported, or removed from the United States;

  c.  The defendant knowingly entered, attempted to enter or was found in the United States; and

  d.  The defendant had not received the consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

## SENTENCING AGREEMENT AND PENALTIES

5. With respect to sentencing, the defendant understands:

  a.  The sentence for the crime of Re-entry of a Removed Alien will be determined by the sentencing court after a presentence investigative report has been completed by the United States Probation Office, and the parties have had an opportunity to review the report, request corrections or deletions to the facts

presented in this report, make arguments in support of any such factual changes, and make legal arguments regarding the calculation of the offense level under USSG § 2L1.2 or of the number of criminal history points under USSG § 4A1.1. The parties agree that the potential arguments mentioned in the preceding sentence are the only arguments relating to the calculation of the guidelines range that may be raised under this plea agreement.

b. The federal sentencing guidelines are only advisory, but pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the guidelines will be used to determine the defendant's sentencing range.

c. This plea agreement, and the sentencing guidelines offense level agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), is contingent upon the defendant's agreement that the defendant will not collaterally attack or contest in any manner reinstatement of the defendant's prior deportation/removal order.

d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal

3

Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

e.  Unless the defendant previously has been convicted of murder, a forcible sex offense, or a child sex offense involving physical contact or has a Criminal History Category of VI, the Government agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a two-level downward departure/adjustment pursuant to USSG § 5K3.1 to determine the defendant's Final Adjusted Offense Level. The defendant's Adjusted Offense Level will be the sum of Base Offense Level 8 plus the USSG § 2L1.2 sentencing guideline adjustments for specific offense characteristics as determined by the sentencing court. The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence within the resulting sentencing guideline range after the application of adjustments for specific offense characteristics to the Defendant's base offense level as calculated pursuant to USSG § 2L.1.2, minus a downward adjustment for acceptance of responsibility, and minus a two-level downward departure pursuant to USSG § 5K3.1, with no other reductions, departures or variances to be applied.

f.  The defendant agrees not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category as determined by the Court, through motion or by argument at sentencing pursuant to 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), or otherwise.

g. The United States hereby expressly reserves the right to make known to the United States Probation Office and the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court.

h. Although the sentencing range will be based on the Final Adjusted Offense Level and the applicable Criminal History Category as determined by the United States Probation Office and the sentencing court, defendant specifically understands that the maximum statutory penalty under 8 U.S.C. § 1326 is:

(1) imprisonment for a period of not more than twenty years;

(2) a fine not to exceed $250,000;

(3) a term of supervised release of not more than three years; and

(4) a mandatory special penalty assessment of $100.00.

## **DEFENDANT'S ADDITIONAL AGREEMENT**

6. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## DEFENDANT'S ADMISSION OF FACT

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of committing a violation of 8 U.S.C. § 1326. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit and declare under penalty of perjury that I am not a citizen or national of the United States, I do not have any legal immigration status in the United States, and that I knowingly and voluntarily reentered the United States after previously having been deported, excluded or removed and without the express consent of the Secretary for Homeland Security.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

8. Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration consequences that defendant's plea

may entail, even if the consequences include defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION CHALLENGES TO SENTENCE

9. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution, that is consistent with this agreement. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

10. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

## DEFENDANT'S RIGHT TO WITHDRAW GUILTY PLEA

11. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this agreement, defendant shall have the right to withdraw defendant's plea of guilty.

## VOLUNTARY PLEA

12. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose. The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## ENTIRETY OF AGREEMENT

13. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 16th day of May, 2018.

JOHN C. ANDERSON
United States Attorney

NORMAN CAIRNS
Assistant United States Attorney
P. O. Box 607
Albuquerque, NM 87103
505-346-7274

8

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

JUAN ALBERTO BARBA-ESPARZA
aka JUAN BARBA-REYES
Defendant

I am the attorney for **JUAN ALBERTO BARBA-ESPARZA aka JUAN BARBA-REYES**. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his/her rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

STEPHEN MCCUE
Attorney for Defendant